## COMLY v. BUCHANAN.

(Circuit Court, E. D. Pennsylvania. January 15, 1897.)

1. EQUITY—PETITION TO VACATE DECREE—LACHES.

A petition to vacate a decree should be made at the earliest practicable moment. Where the party against whom the decree has been made fails, without cause, to file his petition to vacate it until three months after its entry and the service of an injunction upon him, and a month after the service of notice of a motion of attachment for contempt for disobedience of the injunction, he is guilty of such laches as will debar him from relief even though his case be otherwise meritorious.

2. SAME—INJUNCTION.

An injunction against the leasing of houses in the construction of which a patented invention had been unlawfully used, modified to permit the leasing of the houses upon entering security to pay any sum which might be awarded complainant either on the basis of damages or of profits or both.

3. SAME—ATTACHMENT FOR DISREGARDING INJUNCTION.

Where, upon an application for an attachment for violation of an injunction, it appeared that complainant had suffered no substantial injury therefrom, and that respondent's action was not willful, but due to ignorance, respondent was only required to pay the costs arising from the application.

Complainant brought a bill in equity against the respondent for infringement of a patent reissue No. 11,304, dated February 7, 1893, relative to the construction of dwelling houses.

Respondent filed an answer setting up prior use and other defenses and the cause was put at issue on August 3, 1894. The ordinary rule upon respondent to close his testimony was taken March 25, 1895, but respondent, although the time was repeatedly extended, failed to offer any evidence. His original counsel thereupon withdrew from the case, and, after argument, at which respondent was not represented by counsel, a decree sustaining the validity of the patent and awarding an injunction and an acounting was made on December 9, 1895. The injunction issued on December 11, 1895, and was served on the following day. Respondent thereafter, in disregard of the injunction, granted leases of certain houses owned by him in which the patented construction was used. On February 11, 1896, on motion of complainant an order was granted on respondent to show cause why an attachment should not be issued against him for violation of the injunction. On March 10, 1896, respondent filed a petition to vacate the decree and injunction and for a rehearing, and also a number of affidavits upon the rule for an attachment. The petition set out that respondent, although engaged in a large business, was uneducated and ignorant of the effect of legal proceedings, and that his disregard of the injunction was due to this ignorance; that he had a good defense on the merits as set out in his answer, but that in consequence of injuries received from an accident and of subsequent illnesses he had been wholly unfit to attend to business; and that his failure to produce his evidence was due to these causes. The petition prayed an opportunity to put in the evidence on the merits. The affidavits on the motion for attachment were to the effect that the respondent was mentally irresponsible and incapable of attending to business affairs during 1894 and 1895.

Both applications were referred to Francis T. Chambers, Esq., as master. His reports were filed September 4, 1896. As to the petition to vacate the decree he found that the respondent had suffered from no mental impairment since December 1, 1895; that none of the defenses were set out in the petition as newly discovered or as not available before the entering of the decree; that respondent had delayed filing his petition to vacate the decree from December 12, 1895, to March 10, 1896, without any cause and had not contemplated filing it until after notice of the motion for attachment; that the ignorance he pleaded could not avail him because he stated in his affidavit that all his actions since the filing of the decree had been under the advice of counsel; that if the application had been made at the time the decree was entered petitioner would have been entitled to the relief prayed, but that the defense on the merits could be made in another suit then pending upon the same patent, and that as the petitioner was in contempt in the present proceeding he should not be granted relief at least until purged of his contempt. As to the attachment proceedings, the master found that the violation of the injunction which formed the basis of the application consisted in granting leases of houses containing the patent construction in January and February, 1896; that at that time the respondent was not mentally incapacitated however much he might have been theretofore, and that as he had testified that his action during that period was under the advice of counsel, he must be held guilty of a deliberate contempt, no matter how ignorant he might be of the effect of legal proceedings; and that the attachment should therefore issue.

Exceptions were filed to each report by respondent but were dismissed by the court in the opinions of January 15, 1897.

Respondent, following the intimation contained in these opinions, thereupon filed a petition for such a modification of the injunction as would allow him to lease the houses affected by the injunction, upon his giving security for damages and costs. Upon this petition the order of January 22, 1897, was made.

Horace Pettit, George Harding, and George J. Harding, for complainant.

Jerome Carty, for defendant.

BUTLER, District Judge. The master has found the defendant guilty of violating the injunction; and I think the finding is right. I believe however that his guilt resulted from misinterpretation of the decree rather than a willful disregard of it. He is not an intelligent man and might readily have misunderstood the effect of the court's order. I am satisfied that he did not act under the direction of counsel in this respect, though it might be implied from the general statements in his testimony that he did. The plaintiff suffers no substantial injury from his conduct in renting the house. Indeed it might possibly have been wise to allow him thus to rent all the houses in question, instead of requiring them to be kept unoccupied (or money to be expended in their alteration), and to compensate the plaintiff in profits for such use of them. For the rents that have been obtained or that may be obtained from the lease or leases heretofore entered into the defendant may be held accountable in the final decree. Of course he must abstain from such use of the houses hereafter, unless the court should see proper to amend the injunction upon application made for that purpose. The defendant will be sufficiently punished for his violation of the injunction heretofore by a requirement to pay the costs of this reference, and he will be required to pay accordingly.

An order to this effect may be entered.

(January 22, 1897.)

Before DALLAS, Circuit Judge, and BUTLER, District Judge.

PER CURIAM. The defendant's petition for modification of the injunction issued upon December 11, 1895, has been considered. We think that, under the peculiar circumstances of this case, he should be relieved from the injunction so far as the houses referred to in said petition, being 28 in number, are concerned, but only to the extent of permitting him to lease those houses upon entering security to be approved by a judge of the court in the sum of $3,000 for payment of any sum which may hereafter be awarded to the complainant with respect to the said houses either upon the basis of damages or of profits or both; and it is so ordered.